# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON ALTAMIRANO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ARNOLD SCHWARZENEGGER, et al., <br><br> Defendants. | Case No. 1:15-cv-00607-LJO-SAB <br><br> ORDER DENYING MOTION TO AMEND COMPLAINT AS UNNECESSARY; AND ENTERING STIPULATION FOR SILLEN AMENDMENT <br><br> (ECF Nos. 19, 21) |

Plaintiffs filed a motion to amend the complaint on September 17, 2015. (ECF No. 19.) On October 7, 2015, Plaintiffs filed a stipulation with Robert Sillen regarding amendment of the complaint. (ECF No. 17.)

On October 16, 2015, a status conference and oral argument on the motion to amend were heard. (ECF No. 22.) Counsel Benjamin Pavone and David Elliot appeared telephonically for Plaintiffs; and counsel Jon Allin appeared telephonically for Defendants. During the October 16, 2015 conference, the parties discussed that counsel for Plaintiffs are attempting to resolve how these related actions will proceed based on the decisions in Jackson and Smith finding that Defendants are entitled to qualified immunity on the Eighth Amendment claims. The parties are discussing how the qualified immunity decision will impact the additional claims that are raised in these related actions.

Plaintiffs seek leave to file an amended complaint to add former Secretary of the California Department of Corrections and Rehabilitation, James Tilton, as a defendant in this action. Amendments of the pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. Under Rule 15(a), a party may amend the party's pleading once as a matter of course

at any time before a responsive pleading is served.  Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'"  Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile."  Id.

In this instance, Plaintiffs seek leave to file an amended complaint to add the former secretary of the California Department of Corrections and Rehabilitation as a defendant in this action. (ECF No. 19 at 2.)  At this time, Plaintiffs have not filed an amended complaint and no answer has been filed.  Plaintiffs may file an amended complaint as a matter of right.  Therefore, no motion to amend is necessary.

Plaintiffs have included an amendment to the complaint, however, Local Rule 220 provides that every pleading must be complete in itself without reference to the prior or superseded pleading.  The Court will not permit piecemeal pleading and any amended complaint must be complete in itself to comply with the Local Rule.

Finally, Plaintiffs have filed a stipulation with Robert Sillen regarding amendment of the complaint which shall be entered in this action.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to file an amended complaint is DENIED as unnecessary; and
2. The stipulation filed October 7, 2015 is entered in this action.

IT IS SO ORDERED.

Dated:   **October 19, 2015**

UNITED STATES MAGISTRATE JUDGE